# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

DONOVAN R. TAPLETTE

VERSUS

JAMES M. LEBLANC, ET AL.

CIVIL ACTION

NO. 18-853-EWD (CONSENT)

## RULING ON DEFENDANTS' MOTION TO DISMISS

Before the Court is a Motion to Dismiss[1] filed by defendants, James LeBlanc ("Secretary LeBlanc"), Timothy Hooper ("Warden Hooper"), and Craig White ("Sergeant White"). Although no timely opposition to the Motion to Dismiss has been filed by plaintiff, Donovan R. Taplette ("Plaintiff"),[2] the Court has considered the merits of the Motion to Dismiss.[3] For the reasons set forth herein, the Motion to Dismiss[4] is **GRANTED IN PART AND DENIED IN PART**.[5]

## I. Background

On August 28, 2018, Plaintiff filed a Complaint[6] seeking monetary damages stemming from the alleged use of excessive force while housed as an inmate at Elayn Hunt Correctional

---

[1] R. Doc. 22.

[2] Pursuant to Local Rule 7(f) of the Local Rules of the United States District Court for the Middle District of Louisiana, any response to the Motion to Dismiss was due within twenty-one days after service of the Motion to Dismiss. As of the date of this Ruling, no opposition to the Motion to Dismiss has been filed.

[3] *See*, *Mallery v. Theriot*, Civil Action No. 12-2060, 2013 WL 2286667, at * 2 (W.D. La. May 23, 2013) ("While plaintiff has failed to file an opposition to the pending motion, a district court may not grant a motion to dismiss for the plaintiff's failure to file an opposition without considering the merits of the complaint.") (citing *Webb v. Morella*, 457 Fed. Appx. 448 (5th Cir. 2012) (unpublished)); *Hazlett v. St. Tammany Parish Sheriff's Office*, Civil Action No. 18-5266, 2018 WL 4386104, at * 1, n. 1 (E.D. La. Sept. 13, 2018) (considering merits of motion to dismiss despite plaintiff's failure to timely file an opposition thereto and explaining "[t]his circuit frowns upon a dismissal with prejudice based solely on a litigant's failure to oppose a motion.").

[4] R. Doc. 22.

[5] On October 26, 2018, the parties filed a Consent to Proceed Before a United States Magistrate Judge, R. Doc. 21, and on October 30, 2018, the District Judge entered an Order of Reference referring this matter to the undersigned "for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636(c)…." R. Doc. 23.

[6] R. Doc. 1.

Center ("Elayn Hunt").[7] In his Complaint, Plaintiff names as defendants: (1) Secretary LeBlanc "in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections;" (2) Warden Hooper "individually and in his official capacity as a Warden" of Elayn Hunt; (3) Sergeant White "individually and in his official capacity as a Corrections Officer" at Elayn Hunt; and (4) two unknown Corrections Officers – referred to as John Does 1 and 2 or "JD1" and "JD2" – in their individual and official capacities.[8]

Per his Complaint, Plaintiff alleges that while housed at Elayn Hunt, he "was subjected to a physical battery while in full correctional facility restraints at the hands of" Sergeant White and John Does 1 and 2.[9] Plaintiff alleges that on August 29, 2017, Plaintiff was in his cell with Ryan Harris ("Harris"), an inmate who "suffered from mental health issues," and that following questioning by Sergeant White "about a cup throwing incident that occurred earlier," Harris became agitated "to the point of aggravation and aggression, causing inmate Harris to attack and fight with [Plaintiff] eventually biting [Plaintiff] in the face."[10] Plaintiff alleges that following the August 29, 2017 incident, a new inmate was brought to share Plaintiff's cell on September 1, 2017 but that Plaintiff "refused to permit the new inmate into his cell because this inmate, similar to the one who bit him in the face, had mental issues, and [Plaintiff] feared a repeat of the prior days

---

[7] While the Complaint alleges that "this is a claim for damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States," R. Doc. 1, ¶ 1, Plaintiff alleges that his damages stem from the unconstitutional use of excessive force, a claim that is generally understood to invoke Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment.

[8] R. Doc. 1, ¶ 2.

[9] R. Doc. 1, ¶ 3.

[10] R. Doc. 1, ¶¶ 4-6. Plaintiff alleges a chemical agent was subsequently used to stop the fight between Plaintiff and Harris and that Plaintiff "repeatedly requested medical assistance for both the human bite suffered from Inmate Harris as well as the effects of the chemical agent, [but] he was not afforded any medical assistance." R. Doc. 1, ¶ 8. However, Plaintiff has not asserted a claim for deliberate medical indifference, and he has not named as a defendant any individual who allegedly denied him medical care.

attack, for which he had still not received medical attention."[11] Following his refusal to let this new inmate into his cell, Plaintiff alleges that Sergeant White was summoned and that:

> after numerous attempts by [Plaintiff] to explain his valid fears to Sgt. White and several refusals by [Plaintiff] of Sgt. White's orders to exit his cell, [Plaintiff] was subsequently forcefully placed in full correctional restraints, including leg chains, waist chains and black box hand restraints and then forcefully thrown to the ground and beaten by JD1, JD2 and Sgt. White, with Sgt. White placing his knee in the side of [Plaintiff's] face, with his full force and weight, while JD1 and JD2 continued to beat [Plaintiff], all of which should have been captured by tier surveillance cameras.[12]

Plaintiff alleges that Sergeant White, JD1, and JD2 "acted in concert in either the utilization of unauthorized excessive force" or "in the failure to intervene to stop said unauthorized excessive force"[13] and additionally "conspired to minimize and cover up the unauthorized use of excessive force…."[14]

Plaintiff further alleges that "at all times material herein," Sergeant White, JD1 and JD2 "were employed by the Louisiana Department of Safety and Corrections and were stationed at Elyan [sic] Hunt Correctional Center and were acting within the course and scope of their employment."[15] With respect to Warden Hooper, Plaintiff alleges that "in his official capacity as Warden of Elyan [sic] Hunt Correctional Center, [he] is directly liable for the acts of his

---

[11] R. Doc. 1, ¶¶ 9-10.

[12] R. Doc. 1, ¶ 12. Plaintiff further alleges that after the September 1, 2017 incident, he "requested medical attention but was not provided any medical attention, only moved to another cell in the same area." R. Doc. 1, ¶ 14. However, Plaintiff again does not allege a claim of deliberate medical indifference or name any individual to whom he allegedly made a request for medical care.

[13] R. Doc. 1, ¶ 16.

[14] R. Doc. 1, ¶ 17. *See also*, R. Doc. 1, ¶ 19 (alleging that Plaintiff's injuries were solely and proximately caused by Sergeant White's, JD1's and JD2's "physical beating without cause or justification," "refusal to intervene and prevent the illegal and unconstitutional unauthorized use of excessive force," and "conspiring to minimize, justify, and cover up the brutality and unauthorized and unjustified use of excessive force….").

[15] R. Doc. 1, ¶ 20.

3

subordinates, specifically his Correctional Officers, under the theory of *respondeat superior*."[16] Similarly, with respect to Secretary LeBlanc, Plaintiff alleges that Secretary LeBlanc "in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, is directly liable and responsible for the acts of his subordinates, specifically Warden Hooper, in his failure to properly train and control his Correctional Officers, as well as the errant Correctional Officers, under the theory of *respondeat superior*."[17]

On October 29, 2018, Secretary LeBlanc, Warden Hooper, and Sergeant White (collectively, "Defendants") filed the instant Motion to Dismiss.[18] Defendants contend that Plaintiff's claims against the Defendants in their official capacities seeking monetary damages are barred by the Eleventh Amendment and subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), that Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) against Secretary LeBlanc and Warden Hooper under a theory of *respondeat superior* or vicarious liability and that Sergeant White is entitled to qualified immunity.

## II. Law and Analysis

### A. Standards of Review

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[19] Pursuant to Rule 12(b)(1) a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional

---

[16] R. Doc. 1, ¶ 21. Plaintiff additionally alleges that Warden Hooper "is vicariously liable to [Plaintiff] for the acts of his Correctional Officers under Louisiana law, should this Court exercise supplemental jurisdiction." *Id*.

[17] R. Doc. 1, ¶ 22. Plaintiff again alleges that Secretary LeBlanc is vicariously liable for the acts of the Correctional Officers under Louisiana law. *Id*.

[18] R. Doc. 22. Defendants note that Plaintiff has also named JD1 and JD2, but that these individuals have not been identified, it is not clear whether these individuals have been properly served and Defendants' counsel "is not making an appearance for any defendant not properly served." R. Doc. 22, p. 1, n. 1.

[19] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

4

power to adjudicate the claim."[20] A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits,[21] and the party asserting federal jurisdiction bears the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).[22] Furthermore, a motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).[23]

In *Bell Atlantic Corp. v. Twombly*,[24] and *Ashcroft v. Iqbal*,[25] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[26] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

---

[20] *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

[21] *Id.*

[22] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a district court finds that it lacks subject-matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam); *Aucoin v. Cupil*, No. 16-CV-00373, 2017 WL 3633449, at *1 (M.D. La. Aug. 22, 2017).

[23] *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (per curiam).

[24] 550 U.S. 544 (2007).

[25] 556 U.S. 662 (2009).

[26] *Bell Atlantic Corp.* 550 U.S. at 555.

[27] *Ashcroft*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544.

[28] *Id.*

relief.'"[29] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[30]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[31] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[32] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[33] Notwithstanding, the Court need not accept "a legal conclusion couched as a factual allegation,"[34] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[35]

### B. Plaintiff's Official Capacity Claims Against Secretary LeBlanc, Warden Hooper and Sergeant White are Dismissed Based on Eleventh Amendment Immunity

Plaintiff asserts a claim against Secretary LeBlanc only in his official capacity, and against Warden Hooper and Sergeant White in both their individual and official capacities. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not

---

[29] *Id.* at 679.

[30] *Id.* at 678 (internal quotation marks omitted).

[31] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[32] Fed. R. Civ. P. 8(a)(2).

[33] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

[34] *Papasan v. Allain*, 478 U.S. 265, 286 (1986),

[35] *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).

seen to be "persons" within the meaning of § 1983.[36] "Eleventh Amendment immunity also extends to state law claims brought under pendent jurisdiction."[37]

In *Hafer v. Melo*,[38] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[39] Accordingly, Plaintiff's claims asserted against Secretary LeBlanc, Warden Hooper and Sergeant White in their official capacities for monetary damages are subject to dismissal. In contrast, Plaintiff's claims for monetary damages asserted against Warden Hooper and Sergeant White in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state.[40]

### C. Plaintiff's Complaint Fails to State A Claim Against Warden Hooper in Warden Hooper's Individual Capacity

In order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed.[41] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of

---

[36] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

[37] *Bonin v. Gee*, Civil Action No. 14-771, 2015 WL 3682609, at * 3 (M.D. La. June 12, 2015) (citing *Blanchard v. Newton*, 865 F.Supp.2d 709, 713 (M.D. La. 2012) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984)).

[38] 502 U.S. 21 (1991).

[39] *Id*. at 25.

[40] *Id*. at 29.

[41] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

vicarious responsibility or *respondeat superior* alone is insufficient to state a claim under § 1983.[42] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[43]

Although Plaintiff purports to assert claims against Warden Hooper in both his individual and official capacities,[44] the only allegations directed at Warden Hooper in the Complaint are that Warden Hooper "in his official capacity as Warden" of Elayn Hunt is "directly liable and responsible for the acts of his subordinates, specifically his Correctional Officers…"[45] and that Warden Hooper failed "to properly train and control his Correctional Officers."[46] Plaintiff does not allege that Warden Hooper had any direct, personal involvement in either the August 29, 2017 or September 1, 2017 incidents, nor does Plaintiff allege that Warden Hooper "conspired to minimize and cover up the unauthorized use of excessive force."[47] Additionally, Plaintiff does not allege any affirmative policy Warden Hooper is alleged to have implemented or a breach by

---

[42] *See*, *Ashcroft v. Iqbal*, 556 U.S. at 676 (2009) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)). *See also*, *Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of respondeat superior or vicarious liability").

[43] *Lozano v. Smith*, *supra*, 718 F.2d at 768.

[44] R. Doc. 1, ¶ 2(b).

[45] R. Doc. 1, ¶ 21.

[46] R. Doc. 1, ¶ 22. To the extent Plaintiff intended to assert an individual capacity claim against Secretary LeBlanc based on Secretary LeBlanc's alleged failure to properly train correctional officers, this likewise fails to state a claim.

[47] R. Doc. 1, ¶ 17. Plaintiff's allegations are instead directed to the actions of the "Defendants named in paragraph 12," which are Sergeant White, JD1 and JD2.

8

Warden Hooper of any affirmative duty imposed under state law. Accordingly, Plaintiff has failed to state a claim against Warden Hooper in Warden Hooper's individual capacity.[48]

### D. Plaintiff Has Stated a Claim Against Sergeant White in Sergeant White's Individual Capacity and Sergeant White is Not Entitled to Qualified Immunity

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.[49] Taking the facts as alleged in the light most favorable to the Plaintiff, the Court considers whether Sergeant White's conduct violated the Plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first.[50] This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. While ordinarily one who pleads an affirmative defense has the burden to establish his entitlement to that defense, where a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff has the burden to rebut the defense by establishing that the defendant's allegedly wrongful conduct violated clearly established law.[51] To defeat the qualified immunity defense, a plaintiff's complaint must allege specific facts that, if proved, would show that the official's conduct violated

---

[48] As noted above, Plaintiff did not file an opposition to the Motion to Dismiss. Plaintiff also has not sought leave to amend his Complaint. Accordingly, the Court does not grant leave to amend the Complaint at this time.

[49] *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).

[50] 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").

[51] *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (quotations and citations omitted).

9

clearly established constitutional or statutory rights. Although a plaintiff can file a detailed reply to address the assertion of the qualified immunity defense, that is only required if the complaint is not sufficiently detailed to create a genuine issue as to the illegality of the defendant's conduct.[52] If the pleadings on their face show an unreasonable violation of a clearly established constitutional right, the assertion of the qualified immunity defense is insufficient to sustain a Rule 12(b)(6) motion to dismiss.[53]

It is axiomatic that corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force.[54] Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[55] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[56] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[57] Factors to be considered in determining

---

[52] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (*en banc*).

[53] *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000), *overruled in part on other grounds by McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (*en banc*).

[54] *See, e.g., Henry v. North Texas State Hospital*, Civ. Action No. 12-cv-198, at *3, 2013 WL 3870292 (N.D. Tex. July 9, 2013) ("Qualified immunity is available to public officials such as prison guards and state hospital employees who must exercise discretion.")

[55] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

[56] *Wilkins*, 559 U.S. at 38.

[57] *Hudson*, 503 U.S. at 10.

whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.[58]

Viewing the facts in the light most favorable to Plaintiff, he has alleged sufficient facts to state a claim of excessive force and to overcome the qualified immunity defense with regard to Sergeant White. Although Plaintiff acknowledges that he repeatedly refused to allow the second inmate into his cell and that because of that refusal, he was "forcefully placed in full correctional restraints, including leg chains, waist chains and black box hand restraints," Plaintiff also alleges that after being restrained, he was "then forcefully thrown to the ground and beaten"[59] and that Sergeant White placed his knee "in the side of [Plaintiff's] face, with his full force and weight, while JD1 and JD2 continued to beat [Plaintiff]."[60] Further, Plaintiff alleges that he sustained, *inter alia*, "[p]hysical injuries to his person including bruises, contusions, [and] severe acute exterior frontal lobe swelling…."[61] Taking these allegations in a light most favorable to Plaintiff, Plaintiff was fully restrained at the time he was beaten by Sergeant White and the two unknown correctional officers, and Plaintiff sustained more than *de minimus* physical injuries as a result. These allegations are sufficient to state a claim for excessive force against Sergeant White.[62]

---

[58] *Id.* at 7.

[59] R. Doc. 1, ¶ 12.

[60] R. Doc. 1, ¶ 12.

[61] R. Doc. 1, ¶ 18(b).

[62] *See, e.g.*, *Gomez v. Chandler*, 163 F.3d 921, 924-925 (5th Cir. 1999) (vacating summary judgment in favor of defendant where plaintiff-inmate was allegedly "knocked down so his head struck the concrete floor, his face was then scraped against the floor, he was repeatedly punched in the face by two officers using their fists for about five minutes and then a third officer kicked Gomez in the face and head, after which one of the two officers continued to hit Gomez with his fists. As a result, Gomez allegedly suffered "cuts, scrapes, contusions to the face, head, and body."); *Brown v. Lippard*, 472 F.3d 384 (5th Cir. 2006) (affirming denial of summary judgment where plaintiff-inmate alleged that defendant officer "struck him several times in his back, head and shoulders" and also tried to ratchet his arms behind him after he was handcuffed and plaintiff complained of, *inter alia*, knee, hand, and shoulder pain following the

Likewise, Plaintiff's allegations are sufficient to state a claim of bystander liability against Sergeant White.[63] However, "'[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a claim for conspiracy under section 1983."[64] Plaintiff alleges only that Sergeant White, JD1 and JD2 "conspired to minimize and cover up the unauthorized use of excessive force" and "misrepresent[ed]…that the use of force was justified or necessary."[65] These conclusory allegations are insufficient to state a claim for conspiracy.

---

incident). Defendants argue that Sergeant White is entitled to qualified immunity because "plaintiff admits that he refused multiple orders and remained noncompliant throughout the entire process" and assert that Plaintiff "does not have a constitutional right to disobey the direct orders of a correctional officer and interfere with the duties of the officer." R. Doc. 22-1, p. 8. As set forth herein, force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Here, Plaintiff asserts that force was used beyond that necessary to maintain or restore discipline because Plaintiff alleges that Sergeant White and the John Doe defendants continued to beat him even after he was restrained. *Compare*, *Reed v. Harrison County Mississippi*, Civil Action No. 1:07cv704, 2009 WL 235354, at * 5 (S.D. Miss. Jan. 30, 2009) (granting summary judgment in favor of officer defendant where "[t]he evidence before the Court plainly demonstrates that [officer defendants] were acting in good faith to restore discipline and order in D–F, that [plaintiff's] refusal to obey orders exacerbated the situation, and that [defendant's] leg sweep which caused [plaintiff] to fall and bump his eye was not done maliciously and sadistically for the purpose of causing [plaintiff] harm, but to make him comply with the officers' orders" and explaining that plaintiff admitted "the entire incident would not have occurred if he had simply followed the officers' orders to come out of his cell.").

[63] The Fifth Circuit has reiterated that "an officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *See*, *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013), quoting *Randall v. Prince George's County., Md.*, 302 F.3d 188, 204 (4th Cir. 2002). *See also*, *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 480 (5th Cir. 2014). A reasonable opportunity to intercede and prevent the constitutional violation is "[t]he focus of the bystander-liability inquiry." *Malone v. City of Fort Worth, Tex.*, Civil Action No. 4:09-CV-634, 2014 WL 5781001, *16 (N.D. Tex. Nov. 6, 2014). In resolving whether a plaintiff has sufficiently alleged a bystander liability claim, the court also considers whether an officer has acquiesced in the alleged constitutional violation. *Whitley v. Hanna*, supra, 726 F.3d at 646, citing *Hale v. Townley*, supra, 45 F.3d at 919. A bystander officer's liability is analyzed under a "deliberate indifference standard," that requires a plaintiff to demonstrate that the officer actually knew of an excessive risk to the inmate's safety and disregarded that risk. *Oby v. Sander*, Civil Action No. 4:14cv45, 2015 WL 4496426, *3 (N.D. Miss. July 23, 2015). Mere negligence or even gross negligence is not enough. *See*, *E.A.F.F. v. Gonzalez*, 600 Fed. Appx. 205, 210 (5th Cir.), *cert. denied*, 135 S.Ct. 2364 (2015). The officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Plaintiff alleges that Sergeant White placed his knee in the side of Plaintiff's face while JD1 and JD2 continued to beat him.

[64] *Jones v. South Carolina*, Civil Action No. 1:11-cv-00363, 2011 WL 6099545, at * 3 (W.D. La. Oct. 28, 2011) (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). *See also*, *Washington v. State of Louisiana Dept. of Public Safety & Corrections*, 2005 WL 711598, at * 4 (E.D. La. March 22, 2005) (explaining that '[p]laintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based.'") (internal citation omitted).

[65] R. Doc. 1, ¶ 1.

### III. Conclusion

For the reasons set forth herein, the Motion to Dismiss[66] is **GRANTED IN PART AND DENIED IN PART**. Specifically,

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED** and Plaintiff's claims against Secretary LeBlanc, Warden Hooper, and Sergeant White in their official capacities for monetary damages are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** and Plaintiff's claims against Warden Hooper in Warden Hooper's individual capacity based on supervisory liability are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** and Plaintiff's claim against Sergeant White in Sergeant White's individual capacity for conspiracy is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** with respect to Plaintiff's claims against Sergeant White in Sergeant's White individual capacity based on Sergeant White's alleged use of excessive force and failure to intervene.

**IT IS FURTHER ORDERED** that a scheduling conference is hereby set before United States Magistrate Judge Erin Wilder-Doomes on May 23, 2019 at 11:00.[67]

**IT IS FURTHER ORDERED** that the parties shall submit a revised Joint Status Report limited to Sections H-K by May 9, 2019.[68]

---

[66] R. Doc. 22.

[67] The previous scheduling conference was canceled to allow resolution of the Motion to Dismiss. R. Doc. 24.

[68] *See*, R. Doc. 6, pp. 5-8.

Signed in Baton Rouge, Louisiana, on April 10, 2019.

    /s/ Erin Wilder-Doomes
    **ERIN WILDER-DOOMES**
    **UNITED STATES MAGISTRATE JUDGE**