UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONOVAN R. TAPLETTE

VERSUS

JAMES M. LEBLANC, ET AL.

CIVIL ACTION

NO. 18-853-EWD (CONSENT)

## RULING ON UNOPPOSED MOTION TO STAY PROCEEDINGS

Before the Court is an Unopposed Motion to Stay Proceedings (the "Motion")[1] filed by defendants, James LeBlanc ("Secretary LeBlanc"), Timothy Hooper ("Warden Hooper"), and Craig White ("Sergeant White") (collectively, "Defendants"). For the reasons set forth herein, the Motion is granted in part.[2]

Per the Motion, Defendants request an order "staying all proceedings, including discovery until Defendant Craig White returns to Elayn Hunt Correctional Center after having been on FMLA leave and to reset the discovery deadlines as well as the deadline for plaintiff to identify 'John Doe 1' and 'John Doe 2.'"[3] Defendants state that Sergeant White will likely return to work on August 1, 2019.[4]

A district court has the inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5] The Fifth Circuit has explained that "[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority

---

[1] R. Doc. 38.

[2] On October 26, 2018, the parties filed a Consent to Proceed Before a United States Magistrate Judge, R. Doc. 21, and on October 30, 2018, the District Judge entered an Order of Reference referring this matter to the undersigned "for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636(c)…." R. Doc. 23.

[3] R. Doc. 38, p. 2.

[4] R. Doc. 38-1, p. 2.

[5] *Landis v. N. Am. Co.*, 299 US 248, 254 (1936); *Billiot v. Beavers*, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).

to control the scope and pace of discovery."[6] "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'"[7] Accordingly, when "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[8] "Even discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'"[9]

Defendants assert that following conferral with opposing counsel, Plaintiff does not have any objection to the Motion to Stay.[10] Defendants further assert that a stay is appropriate considering Sergeant White's medical leave, which is anticipated to conclude in August 2019.[11] These assertions are insufficient to stay these proceedings, especially considering the December 3, 2019 fact discovery deadline.[12]

Although Defendants have provided no basis for staying the entirety of this case, to the extent Defendants are seeking an extension of time for Sergeant White to respond to written

---

[6] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

[7] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

[8] *Billiot*, 2015 WL 4397108 at *2 (citations omitted).

[9] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

[10] R. Doc. 38, p. 2.

[11] *See*, R. Doc. 38-1, p. 2.

[12] R. Doc. 37. The Scheduling Order provides:

> The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery.

R. Doc. 37, p. 2.

discovery and an extension of the deadline to file service information for John Doe 1 and John Doe 2, the Court grants the Motion.

Defendants state that Plaintiff propounded interrogatories and requests for production of documents on Sergeant White on May 24, 2019.[13] Sergeant White's responses are therefore due on June 23, 2019. Considering Sergeant White's medical leave, the Court finds an extension of time for Sergeant White to respond to the May 24, 2019 discovery requests is appropriate. Based on Defendants' assertion that Sergeant White will return to work on August 1, 2019, the Court extends the deadline for Sergeant White to respond to the May 24, 2019 discovery requests to Wednesday, August 14, 2019.

With respect to the deadline to file service information for John Doe 1 and John Doe 2, Defendants do not explain how identification of and service on these defendants is contingent on Sergeant White's availability. Moreover, the Court assumes that Defendants would have other methods by which these two unknown defendants can be identified. Accordingly, while the Court will grant a forty-five (45) day extension of time to file adequate service information regarding defendants John Doe 1 and John Doe 2 into the record, the parties are notified that no further extensions of time to file service information for these defendants will be granted absent a showing of good cause and an explanation of all efforts made to identify and serve John Doe 1 and John Doe 2.

Accordingly,

**IT IS HEREBY ORDERED** that the Unopposed Motion to Stay Proceedings,[14] to the extent the Motion seeks an extension of time for Sergeant White to respond to the May 24, 2019

---

[13] R. Doc. 38-1, p. 2.
[14] R. Doc. 38.

written discovery requests and an extension of time for Plaintiff to file adequate service information regarding defendants John Doe 1 and John Doe 2 into the record, is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that Sergeant White's responses to the May 24, 2019 written discovery requests are due on **Wednesday, August 14, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff shall file adequate service information regarding defendants John Doe 1 and John Doe 2 by no later than **Friday, August 2, 2019.** The parties are **NOTIFIED** that no further extensions of time to file service information for these defendants will be granted absent a showing of good cause and an explanation of all efforts made to identify and serve John Doe 1 and John Doe 2.

Signed in Baton Rouge, Louisiana, on June 19, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**